IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MELODI WOLFE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:16-cv-04183-NKL ) ) |
| AMERICAN FAMILY INSURANCE | ) ) |
| Defendants. | ) ) ) |

**ORDER**

Before the Court is Defendant's Motion to Dismiss, [Doc. 22], Plaintiff's Motion for Voluntary Dismissal, [Doc. 28], and Plaintiff's Amended Motion to Stay [Doc. 31]. The case is dismissed without prejudice for lack of subject matter jurisdiction.

**I.  Background**

In 2009, Plaintiff Melodi Wolfe was injured in an automobile accident. Ms. Wolfe settled her claims arising from that accident with Defendant American Family insurance. Defendant then paid Ms. Wolfe's medical liens. Ms. Wolfe commenced this suit on June 28, 2016, on behalf of herself and other similarly situated plaintiffs, alleging Defendant overpaid medical lienholders and failed to disclose to Ms. Wolfe that she had the ability to limit the amount of liens paid to medical providers under Mo. Rev. Stat. § 430.225.

In 2014, Ms. Wolfe filed for Chapter 7 bankruptcy and Janice Stanton served as Trustee for the bankruptcy estate. Ms. Wolfe did not list this suit as an asset in her bankruptcy

1

proceeding. After this case was filed, Defendant contacted Ms. Stanton, who then asked the Trustee's office to reopen the bankruptcy estate in order to adjudicate this claim. [Doc. 29, p. 4]. Ms. Stanton and Defendant subsequently reached a settlement that has been approved in the Bankruptcy Court of the Western District of Missouri. *See* [Doc. 35-2].

Defendant filed a Motion to Dismiss, [Doc. 22], contending Ms. Wolfe lacks standing because of her Chapter 7 bankruptcy. In response, Plaintiff filed a Motion for Voluntary Dismissal [Doc. 28].

## II. Discussion

The Court finds that it does not have subject matter jurisdiction because Ms. Wolfe does not have standing to pursue her claim. Her claim was part of the bankruptcy estate because it accrued before she filed for bankruptcy. *See, e.g.*, *Fix v. First State Bank of Roscoe,* 559 F.3d 803, 809 (8th Cir. 2009). The fact that she was unaware that she had a claim may excuse her failure to identify the claim during her bankruptcy but her lack of knowledge does not change the fact that the cause of action alleged here is part of her bankruptcy estate. *See United States ex. rel. Gebert v. Transp. Admin. Servs.,* 260 F.3d 909, 913 (8th Cir. 2001).

Because the Court lacks subject matter jurisdiction, it has no power to grant Ms. Wolfe's voluntary dismissal. *In Re Federal Election Campaign Act Litigation*, 474 F. Supp. 1051 (D.D.C. 1979). However, the outcome of this matter is the same because a Court without subject matter jurisdiction has no authority to address the merits of the case. *See Hart v. United States,* 630 F.3d 1085 (8th Cir. 2011). Therefore, the Court's dismissal is without prejudice.

This dismissal binds only Ms. Wolfe, and has no effect on potential class members. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013).

2

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss, [Doc. 22], is granted as to the issue of subject matter jurisdiction and is otherwise denied. Plaintiff's Motion for Voluntary Dismissal, [Doc. 28], and Plaintiff's Amended Motion to Stay, [Doc. 31], are denied. The action is dismissed without prejudice, each party to bear its own costs.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 28, 2016
Jefferson City, Missouri